RICHARD D. RICE, in *scire facias*, *vs.* FULLER G. COOK.

Knox. Opinion March 24, 1883.

*Levy. Scire facias. Debt. Practice.*

When execution has been satisfied by a levy upon real estate, part of which can, and part of which cannot, be held by the levy, the levying creditor may obtain an *alias* execution for that portion of the debt which remains unsatisfied by the levy, without surrendering his title to that portion of the estate which he can hold by the levy.

*Scire facias*, as well as debt, is a proper form of action in which to obtain an *alias* execution in such a case.

ON EXCEPTIONS to the ruling of the court in overruling the defendant's demurrer to the plaintiff's writ of *scire facias*.

The opinion states the material facts.

*Rice and Hall*, for the plaintiff.

*True P. Pierce*, for the defendant.

Revised Statutes c. 76, §§ 17, 18, does not confer authority to issue the execution sued for. "The levy may be set aside," but it cannot be divided as the plaintiff asks in this case. Remedy is given when the levy is totally defective, not when defective in part. *Grosvenor* v. *Chesley*, 48 Maine, 369; *Soule* v. *Buck*, 55 Maine, 30.

WALTON, J. When an execution has been returned satisfied, in whole or in part, by a levy upon real estate, which, for any cause, can not be held by the levy, the creditor may obtain a new execution on scire facias or by an action of debt. These remedies are concurrent, and either of them is proper. This is not denied. But it is insisted that in such a case the creditor must waive his entire levy ; that he can not treat the levy as valid in part and void for the remainder. We perceive no reason for such a distinction ; and the law seems to be settled otherwise.

In *Ware* v. *Pike*, 12 Maine, 303, where a levy had been made upon real estate, and it was afterward discovered that the debtor owned only an undivided half of the estate levied upon, it was held that the creditor was entitled to a new judgment and a new execution for one half the appraised value of the estate, leaving the former judgment and execution satisfied for the other half. In that case a remedy was sought by an action of debt, and, in defense, it was insisted that scire facias was the only remedy ; but the court held that these two remedies were cumulative, or, more properly speaking, concurrent, and that either could be resorted to. And it was so held in *Piscataquis* v. *Kingsbury*, 73 Maine, 326.

In this case, a levy having been made upon real estate appraised at $884, the creditor asks for an alias execution for $373, averring that, by virtue of an attachment made four days earlier than his, and a subsequent levy, that much in value of the estate levied upon by him has been taken from him ; and the form of his action is a writ of scire facias. We think the action is correct in form, and that the plaintiff is entitled to an alias execution for the balance of his debt without waiving his levy upon that portion of the estate which he can hold by it.

*Exceptions overruled.*

APPLETON, C. J., BARROWS, DANFORTH and PETERS, JJ., concurred.